# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRANKLIN C. SMITH, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 15-CV-153-JED-TLW ) |
| STANLEY GLANZ, Sheriff, | ) ) |
| Respondent. | ) |

## OPINION AND ORDER

On March 31, 2015, Petitioner, a state prisoner presently in custody at David L. Moss Criminal Justice Center, the facility serving as the Tulsa County Jail,[1] filed a *pro se* 28 U.S.C. § 2254 petition for writ of habeas corpus (Doc. 1) and a motion to proceed *in forma pauperis* (Doc. 2). By Order filed April 3, 2015 (Doc. 3), the Court granted Petitioner's motion to proceed *in forma pauperis* and directed Petitioner to show cause in writing why his petition should not be dismissed without prejudice for failure to exhaust state remedies. On April 14, 2015, Petitioner filed his response (Doc. 4), along with a notice of his "history on neuroleptic drugs" (Doc. 5). On May 15, 2015, Petitioner filed a notice of change of address (Doc. 6) and supplemental response (Doc. 7). After careful review of Petitioner's response and supplemental response, the Court finds he failed to exhaust available state remedies prior to filing his federal petition for writ of habeas corpus. Therefore, his petition for writ of habeas corpus shall be dismissed without prejudice.

---

[1]When he filed his petition (Doc. 1), Petitioner was in custody at the Payne County Jail. However, during the pendency of this matter, Petitioner was released from the Payne County Jail. On May 15, 2015, Petitioner filed a notice of change of address (Doc. 6) reflecting that he is now in custody at the Tulsa County Jail.

**A. Background**

Petitioner states that he challenges his conviction, entered October 16, 2014, in Tulsa County District Court, Case No. CF-2014-3749, for Second Degree Burglary of a Business. *See* Doc. 1 at 1. He further states he was sentenced to "4 years D.O.C., suspended to probation," and that he pled guilty "under duress." *Id.* Petitioner claims that he filed an appeal in the district court, but that his appeal "wasn't processed." *Id.* at 2. He admits that he has not sought review by a higher state court. *Id.* Petitioner identifies four (4) grounds of error, but states he has not appealed adverse rulings entered by the trial court. During his plea proceeding, Petitioner was represented by an attorney from the Tulsa County Public Defender's Office. However, Petitioner complains that the attorney provided inadequate representation. *Id.* at 6-7.

In his response (Doc. 4), Petitioner claims that he was never assigned a public defender and that the trial court judge never advised him of his appeal rights and appeal procedures.[2] *Id.* at 1. He also claims that even if he had been advised that he had ten (10) days to file a motion to withdraw his plea, a "medical mishap" prevented him from doing so. *Id.* at 2.

**B. Exhaustion**

The United States Supreme Court "has long held that a state prisoner's federal petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is based on the doctrine of comity. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982). Requiring exhaustion "serves to minimize friction between our federal and state systems

---

[2]In contrast to Petitioner's allegations, the docket sheet for Tulsa County District Court, Case No. CF-2014-3749, viewed at www.oscn.net, reflects that at the change of plea hearing, Petitioner was represented by attorney Richard Koller, and that Petitioner was advised of his appeal rights.

of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam).

In order to exhaust a claim, the applicant "must 'fairly present' his claim in each appropriate state court . . . , thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam)); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (explaining that the exhaustion requirement dictates that a § 2254 petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review by the State's highest court). "The exhaustion requirement is satisfied if the issues have been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999) (internal quotation marks omitted). In Oklahoma, the highest state court for criminal matters is the Oklahoma Court of Criminal Appeals (OCCA).

The burden of proving exhaustion rests with the prisoner. *See Olson v. McKune*, 9 F.3d 95, 95 (10th Cir. 1993). An exception to the exhaustion doctrine exists if it is clear that the state courts would impose a procedural bar on the petitioner's claims. *Coleman*, 501 U.S. at 731-32. If an applicant has failed to exhaust state remedies and state courts "would now find the claims procedurally barred[,] the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief." *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (internal quotation marks omitted); *accord Demarest v. Price*, 130 F.3d 922, 939 (10th Cir. 1997); *see also Woodford v. Ngo*, 548 U.S. 81, 92-93 (2006) ("In habeas, state-court remedies are described as having been 'exhausted' when they are no longer available, regardless of the reason for their

3

unavailability . . . . [I]f the petitioner procedurally defaulted those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding.").

Upon review of the petition and Petitioner's response and supplemental response, the Court finds that Petitioner has not presented any constitutional challenge to his conviction entered in Tulsa County District Court, Case No. CF-2014-3749, to the OCCA. Although Petitioner claims to have filed an "appeal" in the state district court, he failed to file a motion to withdraw his plea of guilty, as required to commence *certiorari* appeal proceedings from a guilty plea. *See* Rule 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty).

While it is now too late to commence a *certiorari* appeal, Petitioner has an available state court remedy for any constitutional claim: he may present the claim in an application for post-conviction relief filed in Tulsa County District Court, Case No. CF-2014-3749. Under state law, Petitioner will be required to demonstrate "sufficient reason" for his failure to raise the claims on certiorari appeal. Okla. Stat. tit. 22, § 1086 (providing that "[a]ny ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the prior application"). Should the state district court deny post-conviction relief, Petitioner must perfect a post-conviction appeal to the OCCA to complete the exhaustion process. Should the OCCA affirm the denial of post-conviction relief, Petitioner may then file a new petition for writ of habeas corpus in this federal

4

court raising only exhausted claims. Any new federal petition must be filed within the time remaining in the one year limitations period, if any. *See* 28 U.S.C. § 2244(d).[3]

In summary, Petitioner failed to exhaust state court remedies before filing his habeas corpus petition. For that reason, the petition shall be dismissed without prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for writ of habeas corpus (Doc. 1) is **dismissed without prejudice** for failure to exhaust state remedies.

ORDERED THIS 28th day of May, 2015.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

---

[3]Petitioner is advised that the one-year statute of limitations applicable to federal habeas corpus petitions has **not** been tolled, or suspended, during the pendency of this federal habeas corpus action. *See* § 2244(d)(2); *Duncan v. Walker*, 533 U.S. 167 (2001) (holding that application for federal habeas corpus review is not "application for State post-conviction or other collateral review," within meaning of tolling provision of the Antiterrorism and Effective Death Penalty Act (AEDPA)).